UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALDO S. LIGONS,

Plaintiff,

v.

LT. MARK KROLL, and
DAVID CRIST,

Defendants.

Civil No. 00-1511 (DSD/JGL)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Stillwater, Minnesota, ("MCF-STW"), commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. He claims that Defendants, two prison officials at MCF-STW, violated his rights under the U.S. Constitution. The matter is now before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 4), by which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP").

Plaintiff's IFP application will be GRANTED, which means that he will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, ($142.75), in installments, pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to the prison authorities at MCF-STW.

JUN 27 2000
FILED__________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

Because IFP status is granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. (See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).) However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, together with an extra copy of the Complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement by July 14, 2000, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285), and an extra copy of the Complaint. (Form USM-285 will be provided by the Clerk's office upon request.)

The Court will defer any ruling on the adequacy of Plaintiff's pleading.[1] (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be

---

[1] The complaint itself, (Docket No. 1), includes almost no factual allegations, and clearly fails to state any actionable claim. However, in order to give Plaintiff the benefit of liberal construction, (as required in pro se cases), the Court has also considered the additional allegations and arguments set forth in the "Memorandum" that was filed with the complaint. (Docket No. 3.) That Memorandum indicates that Plaintiff is attempting to sue Defendants for depriving him of his constitutional rights under the First and Fourteenth Amendments, by refusing to deliver certain books that have been sent to him recently. Whether Plaintiff has actually stated a cognizable claim for relief under 42 U.S.C. § 1983 remains to be seen.

required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Finally, Plaintiff has filed a motion for summary judgment, asking the court to award him injunctive relief, damages, costs and attorney fees. (Docket No. 2.) According to the Federal Rules of Civil Procedure, however, a motion for summary judgment cannot be brought until "the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party." Fed. R. Civ. P. 56(a). Plaintiff has not complied with this rule, as he filed his motion for summary judgment simultaneously with his complaint. Because Plaintiff's summary judgment motion was filed prematurely, it cannot be entertained. It is therefore recommended that the motion be summarily denied, without prejudice.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 4), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $142.75 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before July 14, 2000, Plaintiff shall file one completed Form USM-285 and one extra copy of the complaint for each Defendant to be served, failing which it will be

recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the complaint;

5. A copy of this order shall be served with the summons and complaint;

6. Those Defendants on whom service of process is effected shall be required to file a response to the Complaint; and

7. Plaintiff's Motion For Summary Judgment, (Docket No. 3), is DENIED without prejudice.

Dated: June 26, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge