**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**RONALDO S. LIGONS,**

Plaintiff,

v.

**MARK KROLL, Lt., and DAVID CRIST, Warden,**

Defendants.

Civil File No. 00-1511 (DSD/JGL)

**ORDER**

Ronaldo S. Ligons, pro se.

Jennifer Kathleen Park, Esq., for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Defendants' motion for a more definite statement (Doc. No. 10). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff Ligons, a prisoner at the Minnesota Correctional Facility – Stillwater, commenced this action by filing a Complaint seeking relief under 42 U.S.C. § 1983. Plaintiff claims that the prison mailroom staff denied him subscription publications while in segregation and that Lt. Mark Kroll denied him a paperback book mailed from a bookstore. (Compl. at 3.) As relief,

NOV 16 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff asks the Court to enjoin the prison from denying subscription publications in segregation, to enjoin prison officials from destroying Plaintiff's book and to return Plaintiff's book, and to require a change in policy so that prisoners are allowed to receive books from bookstores. (Compl. at 4.)

Defendants now move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Defendants argue that (1) Plaintiff fails to identify how the allegations constitute a violation of his civil rights, (2) Plaintiff does not identify what relief he is seeking, and (3) Plaintiff fails to identify other defendants referenced as "et al." in the caption of his Complaint.

In Defendants' memorandum in support of the motion, they reference Plaintiff's "two-page" Complaint. Plaintiff's Complaint is four pages. In fact, Plaintiff does identify the purported violations of his civil rights on page three and identifies the relief he seeks on page four. The instructions on the complaint form merely require a plaintiff to "[p]rovide a concise summary of the facts on which your claim is based" and specifically direct the plaintiff not to provide legal argument or cite case or statutory law. Therefore, Defendants'

first two arguments are without merit. Defendants' motion is accordingly denied on these grounds.

Additionally, Defendants refer to a "Memorandum" purportedly filed by Plaintiff in conjunction with the Complaint. Defendants complain that they did not receive this memorandum at the time they were served with the Complaint and that they should not have to discern Plaintiff's claims from this document. The Court points out to Defendants that the referenced memorandum is not a memorandum in support of the Complaint, but a memorandum in support of Plaintiff's premature motion for summary judgment, which was denied. Therefore, not only are Defendants mistaken in asserting that they were improperly served with the Complaint, but the issue is moot given that Plaintiff's first motion for summary judgment has been resolved.

Regarding Plaintiff's use of "et al." in the caption of his Complaint, the Court concludes that making a motion for a more definite statement is not the proper procedure for challenging what is a technical inaccuracy. However, the Court agrees that Plaintiff's use of et al. is improper and cannot be used as a means to join later defendants, as Plaintiff attempted to do in his Reply to Defendant's motion. If Mr. Ligons wants to add additional defendants in the future, he may move for joinder in accordance with the Federal Rules of Civil Procedure. Therefore, the Court finds that Lt. Mark Kroll and Warden David

Crist are the only Defendants in this case and will disregard the et al. portion of the caption of Plaintiff's Complaint.

In conclusion, this Court finds that Plaintiff properly completed and served the Complaint on Defendants Kroll and Crist. The Complaint is not "so vague or ambiguous" that Defendants cannot reasonably be required to respond. Rather, the Complaint contains a short and plain statement of Petitioner's claims as required by Fed. R. Civ. P. 8(a)(2). Thus Defendants are ordered to answer the Complaint or file an appropriate motion by December 6, 2000.

Based upon the above and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendants' motion for a more definite statement (Doc. No. 10) is **DENIED**;

(2) Defendants shall respond to Plaintiff's Complaint by December 6, 2000;

(3) The Clerk of Court is directed to immediately mail a complete copy of Plaintiff's Complaint (Doc. No. 1) to Defendants' attorney of record; and

(4) Plaintiff's use of "et al." in the caption of his Complaint is to be disregarded as a technical inaccuracy; currently, the only Defendants in this case are Lt. Mark Kroll and Warden David Crist.

Dated: November 16, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

UN[illegible]ED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronaldo S. Ligons
Ref. 171203, et al.

(enter the full name of **ALL** plaintiff(s) and prisoner number(s) in this action)

vs.

Lt. Mark Kroll, David
Crist, Warden, et al.

(enter the full name of **ALL** defendant(s) in this action)

Civil No. 00 1511 DSD/JGL

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SEC. 1983

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment in the last three years?
( ) Yes ( X ) No

B. If your answer to A is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiffs: __________

Defendants: __________

2. Court (if federal court, name the district. If state court, also name the county): __________

3. Case Number: __________

4. Name the judge to whom case was assigned: __________

1

FILED 6-21-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK VEM

5. Cause of Action (Cite statute under which you filed and write a brief statement of the case): ______________________

______________________

______________________

______________________

______________________

6. Disposition (For example: Was the case dismissed? Appealed? Still pending?): ______________________

7. Approximate date of filing lawsuit: ______________________

8. Approximate date of disposition: ______________________

9. Attach copy of disposition if not from Federal District Court of Minnesota.

II. PLACE OF PRESENT CONFINEMENT:

A. Is there a prisoner grievance procedure in the institution?

( ) Yes ( ) No

B. Did you present the facts relating your complaint in the prisoner grievance procedure? ( ) Yes ( ) No

C. If your answer is Yes:

1. What steps did you take? ______________________

______________________

______________________

2. What was the result? ______________________

______________________

______________________

3. Attach a copy of disposition.

D. If your answer is No, explain why not: ______________________

______________________

______________________

______________________

III. PARTIES:
(In Item A below, pla your name in the first b ık and place your present address in the second blank. Do the same for additional plaintiffs.)

A. Name of Plaintiff: Ronaldo S. Ligons Ref.171203 et al.

Address: 970 Pickett St. N. Bayport, Mn 55003

Additional Plaintiffs: ______

(In Item B below, place the full name of the defendant in the first blank, official position in the second blank, and place of employment in the third blank. Do the same for all additional defendants, using a separate page, if necessary.

B. Name of Defendant: Lt. Mark Kroll

is employed as Property room Lt.

at MCF-Stillwater MN

Additional Defendants: David Crist, et al.

Warden

MCF-Stillwater, MN 970 Pickett St. N. Bayport, MN 55003

IV. STATEMENT OF CLAIM:
Provide a concise summary of the facts on which your claim is based. Describe how each individual defendant is personally involved, including dates, places and specific wrongful acts or omissions of each defendant. Each factual allegation should be set forth in a separate numbered paragraph. (All paragraphs in the "STATEMENT OF CLAIM" should be consecutively numbered.) Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.

(1.) (11/17, & 11/23/99) Mailroom staff denied plaintiff subscription publications while in segregation.

(2.) (12/27/99) Lt. Mark Kroll denied plaintiff paperback book (Fishing) mailed from bookstore , paid for by x-mother-in-law (Mrs. Cecile Warren). All administrative remedies exhausted.

Defendant David Crist is Warden of MCF-STW and oversees all employees.

IV. STATEMENT OF CLAIM (Continued):

V. RELIEF:

State briefly exactly what you want the court to do for you: Make no legal arguments. Cite no case or statutes.

(1.Enjoin prison from denying subscription publications in segregation. Change policy to allow subscription publications within existing limits.

(2.) Enjoin prison officials from either destroying or sending plaintiff's book out of the institution. Change policy to allow books from bookstore paid for by family or friends as is required by U.S. Constitution.

I (We) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge and belief.

Signed this 14th day of JUNE, ~~19~~ 2000

Ronaldo S. Ley

REF.171203

(Signature of Plaintiff/Plaintiffs)