UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1511(DSD/JGL)

Ronaldo S. Ligons,

Plaintiff,

v. **ORDER**

Mark Kroll, Lieutenant, and
David Crist, Warden,

Defendants.

This matter is before the court on plaintiff's objections to the report and recommendation of Magistrate Judge Jonathan Lebedoff dated February 14, 2001. In his report, the magistrate judge recommended that: (1) plaintiff's second motion for summary judgment and injunctive relief be denied, (2) plaintiff's third motion for summary judgment be denied, (3) plaintiff's motion for default judgment be denied, (4) defendants' first motion for summary judgment be granted, (5) defendants' second motion for summary judgment be denied and (6) plaintiff's complaint should be dismissed with prejudice as to count 1 and dismissed without prejudice as to count 2.

Count 1 of plaintiff's complaint challenges defendants' prior policy of denying subscription publications to prisoners incarcerated in the segregation unit at MCF-Stillwater. Although defendants subsequently changed their policy to allow prisoners to receive such publications, the magistrate judge reviewed the prior

FILED MAR 16 2001
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

policy and properly concluded that it did not violate plaintiff's First Amendment rights. Accordingly, the magistrate judge recommended dismissal of count 1 with prejudice. Plaintiff objects to the recommendation, arguing that the new policy dated October 1, 2000, should be "backed by a court order" to prevent defendants from reinstituting the old policy. In light of the conclusion that the prior policy was lawful, plaintiff's suggestion that the court should somehow prevent the officials from reverting to that policy at some time in the future is without merit. Plaintiff's objection is denied and the court adopts the magistrate judge's recommendation for dismissal of count 1 with prejudice.

With respect to count 2, a claim regarding a book that was destroyed by prison officials under another prior policy, the magistrate judge recommends dismissal without prejudice for failure to exhaust administrative remedies. After the report and recommendation was issued, plaintiff filed an administrative claim seeking reimbursement for the book. He now contends that he should be allowed to amend his complaint to include a request for damages and costs, and to maintain that claim pending resolution of his administrative claim. The law is clear that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted". 42 U.S.C.

§ 1997e(a); see also Chelette v. Harris, 229 F.3d 684, 687 (8th Cir. 2000). Therefore, the magistrate judge correctly concluded that count 2 must be dismissed without prejudice.

After conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's second motion for summary judgment and injunctive relief [Doc. No. 6] is denied.

2. Plaintiff's motion for default judgment [Doc. No. 14] is denied.

3. Defendants' first motion for summary judgment [Doc. No. 17] is granted.

4. Plaintiff's third motion for summary judgment [Doc. No. 23] is denied.

5. Defendants' second motion for summary judgment [Doc. No. 25] is denied.

6. Count 1 of plaintiff's complaint dismissed with prejudice.

7. Count 2 of plaintiff's complaint is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 16, 2001.

David S. Doty, Judge
United States District Court