UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1511 (DSD/JGL)

Ronaldo S. Ligons,

Plaintiff-Appellant,

v.

**ORDER**

Lt. Mark Kroll, and David Crist, Warden,

Defendants-Respondents.

This matter is before the court on a document filed by plaintiff entitled "Notice of Motion and Motion Amended Complaint (This Complaint Superceeds [sic] Any And All Others)." The court has reviewed that submission and finds that plaintiff is attempting to file a motion asking for leave to file an amended complaint in this action. However, plaintiff has already filed a notice of appeal in this action seeking appellate review of the court's order dismissing this action. [Doc. No. 51]. Plaintiff's notice of appeal divests the district court of jurisdiction in this matter, and precludes the court from entertaining plaintiff's present request for leave to amend. See State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir.) ("[o]nce a notice of appeal is filed, the district court is divested of jurisdiction

FILED 4-26-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ___________
Deputy Clerk's Initials _____

over matters on appeal"), cert. denied, 527 U.S. 1039 (1999), citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The court must therefore deny plaintiff's motion.[1]

If the court's prior order dismissing this action is reversed by the Eighth Circuit Court of Appeals and the action is remanded to the district court for further proceedings, plaintiff may resubmit his motion for leave to amend. In the alternative, if plaintiff is attempting to present some entirely new claim(s) for relief -- which will not be subject to summary dismissal pursuant to the doctrines of "claim preclusion" or "issue preclusion" -- he can attempt to commence an entirely new lawsuit for the purpose of raising such new claim(s).[2]

Based upon the foregoing, and the files, records and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's "Notice

---

[1] Although this action is currently before the district court pursuant to the appellate court's recent remand order [Doc. No. 58], the case was remanded only for the "limited purpose" of determining whether plaintiff is eligible to proceed in forma pauperis on appeal, and if so, for calculation of his initial partial filing fee obligation.

[2] Needless to say, if plaintiff does commence a new lawsuit, he will have to pay the full $150 filing fee for that action, either in advance, (i.e., when he files his pleading), or in installments pursuant to 28 U.S.C. § 1915(b).

Of Motion And Motion Amended Complaint (This Complaint Superceeds [sic] Any And All Others)" is denied.

Dated: April 20, 2001

David S. Doty, Judge
United States District Court