UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1151 (DSD/JGL)

Ronaldo S. Ligons,

Plaintiff,

v. **ORDER**

Lt. Mark Kroll and David Crist, Warden,

Defendants.

The United States Court of Appeals for the Eighth Circuit has remanded this matter to the district court for the limited purpose of determining whether plaintiff should be allowed to prosecute his appeal under the informa pauperis ("IFP") provisions of 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. [Doc. No. 57.] Pursuant to a letter from the district court dated March 27, 2001, plaintiff has submitted an IFP application which is now before the court. [Doc. No. 58.]

The Prison Litigation Reform Act of 1995 ("PLRA") requires all prisoner litigants to pay the full $105 filing fee for an appeal. 28 U.S.C. § 1915(b)(1). However, a prisoner who is granted IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal. When a prisoner applies for IFP status on appeal, the court must first determine whether the prisoner is "destitute;" i.e., whether he or she has

FILED 5-1-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

"no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be destitute, then he or she will not have to prepay any part of the filing fee. If the prisoner is found not to be "destitute," then the court must assess an "initial partial filing fee" pursuant to § 1915(b)(1). The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

The court has reviewed financial information submitted by plaintiff and concludes that plaintiff is not destitute. The court also notes that plaintiff was granted IFP status at the district court level, which normally entitles him to proceed IFP on appeal. _See_ Fed. R. App. P. 24(a)(3) (providing that a party who was permitted to proceed IFP in the district court action may proceed IFP on appeal unless the district court certifies that the appeal in not taken in good faith or finds that party is not otherwise entitled to proceed IFP). In his notice of appeal, plaintiff does not set forth the basis for his appeal, therefore the court is unable to determine if the appeal is taken in bad faith. Accordingly, the court will grant plaintiff's application to proceed IFP and calculate the appropriate initial partial filing fee.

In determining the amount of filing fee due, the court applies the formula set forth at 28 U.S.C. § 1915(b), which provides:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files and

> appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account which shows that the average monthly deposits during the preceding six months was $10.83 and the average monthly balance during the same period was $2.17. Based on those figures, the court determines that plaintiff's initial partial filing fee will be twenty percent (20%) of the deposits amount, which equals $ 2.17 ($10.83 x 20% = $2.17). The court notes that plaintiff has already paid a total of $9.00 toward his filing fee [Doc. No. 56 - $4.00 paid on 4/5/01; Doc. No. 59 - $5.00 paid on 4/24/01]. The remaining balance of the $105 filing fee must paid in later installments. Prison officials shall deduct funds from plaintiff's trust account and submit such funds to the court, as provided by § 1915(b)(2).

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis [Doc. No. 58] is granted.

2. Plaintiff shall pay an initial partial filing fee of $2.17. The remaining balance of the $105 filing fee shall be paid in later installments, as provided by 28 § 1915(b)(2).

3. The district court clerk shall notify the Court of Appeals that because plaintiff has already paid $9.00 toward his filing fee, he has satisfied his initial partial filing fee obligation.

Dated: May 1 2001

David S. Doty, Judge
United States District Court